# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | CASE NO. 25-10403 |
| REVOLUTION AUTO BROKERS, L.L.C., | CHAPTER 11 |
| | SUBCHAPTER V |
| Debtor | |

## MOTION TO CONVERT CASE TO CHAPTER 7, or ALTERNATIVELY, DISMISS CASE

**NOW INTO COURT** comes David W. Asbach, Acting United States Trustee for Region 5 (the "UST"), by and through undersigned counsel, and respectfully moves this Court for an order converting this case to Chapter 7 or, in the alternative, dismissing the case (the "Motion"). In support of this Motion, the UST respectfully states, as follows.

## JURISDICTION AND STANDING

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. By virtue of the Chapter 11 filing, this case is subject to the supervision and administration of the UST pursuant to 28 U.S.C. § 586. This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.[1]

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard regarding this Motion.

---

[1] *See* In re Columbia Gas Sys. Inc., 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); In re Wilson, 413 B.R. 330, 335 (Bankr. E.D. La. 2009) (finding that "the provisions of § 586(a) are intended to compliment the broader grant of power provided by § 307.").

## PROCEDURAL BACKGROUND

4. Revolution Auto Brokers, L.L.C. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, on March 6, 2025. [ECF Doc. 1]. That same day, Debtor filed its Statement of Equity Security Holders, and Statement of Corporate Ownership, and § 1116 Declaration. [ECF Docs. 2-7]. The Debtor filed its Schedules and Statement of Financial Affairs on March 20, 2025. [ECF Docs. 28-35].

5. The Debtor remains in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. The UST appointed Greta Brouphy to serve as the subchapter V trustee in this case. [ECF Doc. 24].

7. The UST conducted the § 341 meeting of creditors on April 7, 2025. [ECF Doc. 37]. The *Chapter 11 Proceeding Memo and Minutes of § 341(a) Meeting* notes numerous outstanding items. [ECF Doc. 37].

## LAW AND ANALYSIS

### I. CAUSE EXISTS TO CONVERT OR DISMISS THIS CASE

8. The basic purpose of chapter 11 is to rehabilitate the debtor for the benefit of its creditors and provide the debtor with a "fresh start." In re Timbers of Inwood Forest Assocs., Ltd., 808 F.2d 363 (5th Cir. 1987), aff'd sub nom. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988).

9. Section 1112(b) of the Bankruptcy Code provides a mechanism for dealing with failing chapter 11 cases by subjecting them to conversion to chapter 7 or dismissal if a party-in-interest establishes "cause." 11 U.S.C. § 1112(b).

10. Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for conversion of a Chapter 11 case to a Chapter 7 case, including (i) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (ii) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule appliable to a case under this chapter; and, (iii) failure timely to provide information or attend meetings reasonably requested by the United States trustee. 11 U.S.C. § 1112(b)(4)(C),(F) & (H).

11. The list is not exhaustive, and the Court is free to consider other factors and use its equitable powers to reach an appropriate result. See, In re Domino, No. CIV.A. 07-2829, 2008 WL 915205, at *2 (E.D. La. Mar. 31, 2008); In re Glob. Ship Sys., LLC, 391 B.R. 193, 202 (Bankr. S.D. Ga. 2007).

12. If the movant establishes "cause," § 1112(b) requires a court, absent unusual circumstances specifically identified by the court, to dismiss the case. Based on the record, the UST urges that cause exists to dismiss the case.

**A. Debtor Failed To File March 2025, April 2025, and May 2025 Monthly Operating Reports**

13. Pursuant to § 1112(b)(4)(F), a Chapter 11 case can be dismissed or converted for the debtor's unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule appliable to a case under this chapter.

14. A debtor-in-possession is required to perform the duties of a trustee as specified in § 704(a)(8), which mandates the filing of periodic operating reports and summaries and such other information as the UST or court requires if the business of the debtor is authorized to be operated.

11 U.S.C. §§ 704(a)(8), 1106(a)(1). In this district, a Chapter 11 debtor is required to file a monthly operating report for each month by the 21st of the next month.[2]

15. The Debtor failed to file its March 2025 Monthly Operating Report, which was due on April 21, 2025.

16. The Debtor failed to file its April 2025 Monthly Operating Report, which was due on May 21, 2025.

17. The Debtor failed to file its May 2025 Monthly Operating Report, which was due on June 21, 2025.

18. Monthly operating reports and the financial disclosures contained within them are the "life blood" of chapter 11, enabling creditors to stay informed about a debtor's post-petition operations. In re Hyperion Found., Inc., No. 08-51288-NPO, 2009 WL 2477392, at *6 (Bankr. S.D. Miss. Aug. 11, 2009) citing Matter of Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). See also, Andover Covered Bridge, LLC, 553 B.R. 162, 173 (B.A.P. 1st Cir. 2016) citing In re Whetten, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) (citing Matter of Berryhill, 127 B.R. at 433).

19. "Monthly operating reports provide necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's reorganization efforts." Andover Covered Bridge, LLC, 553 B.R. at 173 citing In re Hannon, 512 B.R. 1, 19 (Bankr. D. Mass. 2014), subsequently aff'd, 839 F.3d 63 (1st Cir. 2016).

20. "Without these reports, the [U.S. Trustee] and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization." Andover Covered Bridge, LLC, 553 B.R. at 173 citing In re Whetten, 473

---

[2] Further, the Chapter 11 Operating Guidelines and Reporting Requirements (the "OGRR-11") details the requirements that subchapter v Debtors must file a monthly operating report, every month until the effective date of a confirmed plan of reorganization. Operating reports should be filed no later than the 21st day of the month following the end of the prior month.

B.R. at 383. "The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize." Id. at 384.

21. Consequently, "[r]efusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case." Andover Covered Bridge, LLC, 553 B.R. at 173. "The failure to file monthly operating statements ... 'whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings.'" Id.

22. The lack of monthly operating reports provides the UST and any creditors with no information regarding the Debtor's finances. This Court, the UST, and any creditors will be unable to evaluate the feasibility of the *Original Subchapter V Plan of Reorganization Dated Tuesday, June 3, 2025* [ECF Doc. 46] without a financial track record.

23. Accordingly, cause exists for dismissal of this Chapter 11 case under § 1112(b)(4)(F).

**B. The Debtor Has Failed to Provide the UST with Critical Pieces of Documentation**

24. As noted in the *Chapter 11 Proceeding Memo and Minutes of § 341(a) Meeting* [ECF Doc. 37], the UST has requested the Debtor provide numerous outstanding items and amend its incorrect schedules.

25. As per the *Original Subchapter V Plan of Reorganization Dated Tuesday, June 3, 2025*, the Debtor "…owns and operates a used car dealership in LaPlace, Louisiana." [ECF Doc. 46]. The Debtor has not provided a copy of its Dealer's Liability Insurance, the UST's repeated requests.

26. The Debtor identified two bank accounts in its Initial Debtor Interview Paperwork,

which two accounts were not scheduled in the Debtor's bankruptcy schedules. The UST noted the deficiency in its *Chapter 11 Proceeding Memo and Minutes of § 341(a) Meeting*, requesting that Schedule A/B (Assets) be amended by April 25, 2025. [ECF Doc. 37]. To date, the Debtor has not amended Schedule A/B (Assets), and the filed Schedule A/B (Assets) is incorrect.

27. The Debtor identified two leases in its Schedule G (Executory Contracts and Unexpired Leases). The Debtor further testified about the income it receives for these two leases. The UST requested copies of these two leases, to ensure that lease payments were being made, and the terms of said leases. See, *Chapter 11 Proceeding Memo and Minutes of § 341(a) Meeting* [ECF Doc. 37]. To date, the Debtor has not provided same.

28. The failure to provide evidence of insurance, to file correct schedules and to provide information reasonably requested by the UST, constitutes cause to dismiss this Chapter 11 case under § 1112(b)(4)(C) and (H).

## II. THE BEST INTEREST OF THE CREDITORS AND THE ESTATE SUGGESTS CONVERSION IS APPROPRIATE OVER DISMISSAL

29. "Once cause is established under § 1112(b), a court must either dismiss the case or convert it to chapter 7." In re Fleetstar LLC, 614 B.R. 767, 781 (Bankr. E.D. La. 2020) citing In re Babayoff, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011). "There is no bright-line test to determine whether conversion or dismissal is in the best interest of creditors and the estate." Id.

30. The decision between those two remedies is left to the "wide" discretion of the Court. In re Fleetstar LLC, 614 B.R. at 781 citing Matter of Koerner, 800 F.2d 1358, 1367 (5th Cir. 1986) (citing S. REP. NO. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5903); see also In re Delta AG Grp., LLC, 596 B.R. 186, 200–01 (Bankr. W.D. La. 2019) (citing In re Del Monico, No. 04B28235, 2005 WL 1129774, at *3 (Bankr. N.D. Ill. May 13, 2005)).

- 7 -

31. Protecting the best interests of the estate includes protecting the bankruptcy process under which the estate is administered. In re Fleetstar LLC, 614 B.R. at 781 citing In re Capra, 614 B.R. 291, 299 (Bankr. N.D. Ill. 2020).

32. The Debtor owns real property with a scheduled value of $400,000, with a mortgage in the amount of $210,000. A Chapter 7 Trustee could liquidate the real property, satisfy the mortgage and pay all other unsecured debts. Thus, conversion is appropriate and in the best interest of the creditors.

33. In the alternative, if this Court determines conversion is not in the best interest of the creditors, the UST seeks a dismissal of this case.

## CONCLUSION

**WHEREFORE**, the United States Trustee prays that this Honorable Court enter an order dismissing the above-captioned case pursuant to 11 U.S.C. § 1112(b) for reasons cited herein. The United States Trustee further prays for all general and equitable relief to which justly entitled in the premises.

Dated: June 24, 2025

Respectfully submitted,

DAVID W. ASBACH
Acting United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

by: *s/Christy R. Bergeron*
CHRISTY R. BERGERON (#22944)
Trial Attorney, Office of the U.S. Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Christy.Bergeron@usdoj.gov